# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF DELAWARE

| | |
|---|---|
| ALT5 SIGMA CORP., | ) |
|         Plaintiff | ) |
|   v. | ) Case No. |
| WELLINGTON PEEL, LLC, JEAN-FRANCOIS AMYOT, HUGUES BENOIT and PRIME DELTA CORP., | ) Removed from the Court of Chancery for the State of Delaware, Case No. 2025-1277 |
|         Defendants. | ) |

## NOTICE OF REMOVAL OF PENDING STATE COURT ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, Defendants Wellington Peel, LLC, Jean-Francois Amyot, Hugues Benoit and Prime Delta Corp. (collectively, the "Defendants"), hereby remove to this Court the state-court action described in Paragraph 1 below and filed by Plaintiff Alt5 Sigma Corp.

## THE REMOVED CASE

1. The removed case is a civil action filed on November 4, 2025 in the Court of Chancery of the State of Delaware, styled *Alt5 Sigma Corp. v. Wellington Peel, LLC, et al.*, Case No. 2025-1277 (the "Removed Case"), which is incorporated herein, as if set forth in full.

2. Section 1441 (a) of Title 28 states, in relevant part that, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3. As will be demonstrated below, this action is removable pursuant to 28 U.S.C. §§ 1441(a), 1441 (b), 1331 and 1332, because (a) Plaintiff alleges a cause of action arising under the Constitution and laws of the United States. Compl. Count II ("Misappropriation of Trade Secret Under 18 U.S.C. § 1836, et. seq.) and (b) Plaintiff and each of the Defendants are citizens of different states and the amount in controversy exceeds $75,000.

**BASIS FOR REMOVAL I – FEDERAL QUESTION**

4. To form the basis of removal, "a federal question must appear on the face of the complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The existence or absence of federal question is determined in the context of the well-pleaded complaint rule and federal question jurisdiction exists only when a federal question is presented within the four corners of plaintiff's properly pleaded complaint. *See supra*. at 392, 107 S. Ct. 2425.

5. There can be no question that the Plaintiff has alleged violations of two Federal statutes. Plaintiff styles Count II as a claim for "Misappropriation of Trade Secret Under 18 U.S.C. § 1836, *et. seq.*" Compl. Count II. Then, paragraph 55 of the Complaint further states that "Pursuant to the Defend Trade Secret Act, 18 U.S.C. § 1836, *et. seq.* this Court may act in equity to enjoined threatened misappropriation of trade secrets." Compl. ¶ 55

6. Further, Count IV of the Complaint alleges "Violation of The Computer Fraud and Abuse Act. Compl. Count IV, a Federal Statute. 18 U.S.C. § 1030. Within Count IV, Paragraph 72 states that Plaintiff's computer systems are "protected computers" as that term is defined in 18 U.S.C. § 1030(e)(2).

7. Plaintiff, who is the *master of the complaint,* specifically and knowingly alleged two causes of actions claiming violations of Federal statutes and these two Counts supply an essential element of the Plaintiff's causes of action, creating this Court's original jurisdiction

## BASIS FOR REMOVAL II – DIVERSITY

8. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States" 28 U.S.C. § 1332(a)(1).

### Complete Diversity Exists

9. "Diversity of citizenship must have existed at the time the complaint was filed, and at the time of removal" *Johnson v. Smithkline Beecham Corp.*,724 F.3d 337 (3d Cir. 2013) (citations omitted). The citizenship of the parties set forth in this Notice of Removal existed at the time the complaint was filed, and at the time of removal.

*Citizenship of Plaintiff*

10. The citizenship of Plaintiff is not in question. Paragraph 6 of the Complaint states "Plaintiff Alt5 is a Nevada corporation…". Compl. ¶6.

*Citizenship of Defendants*

11. The citizenship of the Defendants is not in question The Complaint states the citizenship of the four Defendants as follows:

    a. Defendant Wellington is a limited liability company organized under the laws of the State of Delaware. Compl. ¶7. Defendant Wellington's principal place of business is in the Province of Quebec.

    b. Defendant Amyot is an individual who resides in the Province of Quebec. Compl. ¶8. Thus, Defendant Amyot is a citizen of the Province of Quebec.

c. Defendant Benoit is an individual who resides in the Province of Quebec. Compl. ¶9. Thus, Defendant Benoit is a citizen of the Province of Quebec.

d. Defendant Prime Delta Corp. is a corporation organized under the laws of the State of Delaware and with its principal place of business is in New York. Compl. ¶10.

## The Amount in Controversy Exceeds $75,000

12. Although the Complaint does not specify an amount of damages, which seems to be an attempt to prevent removal, removal is proper under 28 U.S.C. §§ 1332 and 1446(c)(2) because the amount in controversy, more likely than not, exceeds $75,000. The claims alleged— including conversion, common law theft of trade secret and violations of two Federal statutes — seek recovery of substantial compensatory damages, punitive damages, and attorneys' fees, all of which are properly included in the jurisdictional calculation.

13. Paragraph 62 alleges drastic damages incurred by Plaintiff:

a. The loss of its goodwill:

b. Damage to its organizational stability:

c. Use and disclosure by Defendants of AltS's valuable Secret information which is solely the property of Alts;

d. The loss of confidence and trust of customers and los business reputation; and

e. Present economic loss, which is unascertainable at this time future economic loss, which is presently incalculable.

14. Based on the nature of these allegations and the damages sought, it is apparent that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014) (defendant need only plausibly allege amount in controversy when complaint is silent).

## ALL OTHER PROCEDURAL
## REQUIREMENTS FOR REMOVAL HAVE BEEN MET

15. Plaintiff filed the Verified Complaint in the Chancery Court of the State of Delaware on November 4, 2025. To the best of undersigned counsel's knowledge, and as of the filing of this Notice of Removal, Defendants received copies of the initial pleading during the week of November 3, 2025. Accordingly, this Notice of Removal is timely filed. See 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

16. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a).

17. To date, there have been no proceedings in the State Action other than the filing of the Complaint and an application for a Temporary Restraining Order. Separately tabbed copies of all documents and proceedings to date in the State Court Action are attached hereto as Exhibits A - J.

### Preservation of Rights and Defenses

18. All rights are reserved, including, but not limited to, defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the Complaint for, e.g., failure to state a claim for relief and lack of personal jurisdiction. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

19. Defendants also reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants respectfully gives notice that the above-captioned civil action pending in the Chancery Court of the State of Delaware is removed to this Court, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1447.

Dated: Wilmington, Delaware
November 18, 2025

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ *Robert Karl Hill*
ROBERT KARL HILL (2747)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801
302-888-7604
Attorneys for Defendants Wellington Peel, LLC Jean-Francois Amyot, Huges Benoit and Prime Delta Corp.